**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUDI L. DAVIS,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.

NO. SACV 06-00363 (SS)

**MEMORANDUM DECISION AND ORDER**

Judi L. Davis ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner," or the "Agency") denying her application for Supplemental Security Income and Disability Insurance Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip.") filed on June 22, 2007. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") on October 11, 2002. (Administrative Record ("AR") 57-69). On the same day, she also filed an application for Disability Insurance Benefits. (AR 70-75). In her applications, Plaintiff alleged that she is disabled due to arthritis and depression. (AR 58, 70). Plaintiff notes that her disability onset date was April 2002. (AR 70).

The Agency denied Plaintiff's claims for benefits initially and upon reconsideration. (AR 46, 52). On January 5, 2005, Administrative Law Judge ("ALJ") Helene E. Hesse conducted a hearing reviewing Plaintiff's claims. (AR 521). Plaintiff, who was represented by counsel, testified. (AR 532-56). The ALJ denied benefits on March 16, 2005. (AR 17-29). Plaintiff sought review of the ALJ's decision before the Appeals Council on April 12, 2005. (AR 12). The Appeals Council denied review on March 17, 2006, making the ALJ's decision the final decision of the Commissioner. (AR 4). Plaintiff commenced the instant action on April 7, 2006.

## FACTUAL BACKGROUND

Plaintiff was born on April 6, 1952, and was fifty-two years old at the time of the hearing. (AR 57, 532). Plaintiff lives with her daughter and granddaughter. (AR 533-34). She alternately alleges that she has a twelfth-grade education or a ninth-grade education. (See AR 535). Plaintiff's past relevant work includes employment as a billing clerk, accounting clerk, and a data entry clerk. (AR 151).

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 404.1510.

(4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is what "[one] can still do despite [his] limitations" and represents an assessment "based upon all the relevant evidence in [one's] case record." 20 C.F.R. § 404.1545(a).

F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

**THE ALJ'S DECISION**

The ALJ employed the five-step sequential evaluation process discussed above.  At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity at any time relevant to decision.  (AR 28).  At the second step, the ALJ found that Plaintiff's obesity, chronic pain syndrome, fibromyalgia, rheumatoid arthritis, mild mitral valve prolapse, and depression were severe impairments.  (AR 18, 28).  In addition, the ALJ found that Plaintiff's gastric reflux disease and hypertension were non-severe impairments.  (AR 18-19, 28).

At step three, the ALJ ascertained that Plaintiff's impairments did not meet or equal a listing.  (AR 19, 28).  The ALJ assessed that Plaintiff had the RFC to perform sedentary work.  (AR 28).  At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a billing clerk, accounting clerk, and data entry clerk.  (AR 20, 29).  Accordingly, the ALJ found that Plaintiff was not disabled for purposes of eligibility for Supplemental Security Income or Disability Insurance Benefits.  (AR 16).

\\
\\
\\

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff alleges that the Commissioner's decision should be overturned for several reasons. For the reasons discussed below, the

Court agrees that remand is required because the ALJ improperly rejected Plaintiff's subjective pain complaints and testimony.[3]

**A.  The ALJ Improperly Rejected Plaintiff's Subject Pain Testimony**

In assessing the credibility of a claimant's subjective complaints testimony, an ALJ must first determine whether the claimant produced medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (citing Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986)). Objective medical evidence is required to establish the underlying impairment, but not the severity of the pain. Id.

The ALJ must then assess the "credibility of the claimant's testimony regarding the severity of symptoms." Smolen, 80 F.3d at 1281. An ALJ "cannot be required to believe every allegation of disabling pain." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1994) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). However, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain, if the claimant has produced some objective medical evidence of an underlying impairment. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001).

---

[3] Because the Court concludes that the ALJ did not properly assess Plaintiff's testimony, it will not address the remaining issues raised by Plaintiff.

Despite finding that Plaintiff had conditions that could produce pain, the ALJ found Plaintiff's testimony regarding her subjective pain complaints not credible. (AR 27). The ALJ did not find that Plaintiff was malingering. As such, the ALJ was required to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of the symptoms. Rollins, 261 F.3d at 856-57.

The ALJ discredited Plaintiff's testimony for three reasons. First, the ALJ observed that "there is no evidence that the pain medication is ineffective, and the records also suggest that in her case the potentially severe effect of rheumatoid arthritis on her joints is controlled by [medication]." (Id.). Second, the ALJ noted that Plaintiff's initial application and Plaintiff's daughter's accounts of her daily activities stated that Plaintiff took care of her grandchildren and did housework. (Id.). Third, the ALJ asserted that the treating records reflect that "[Plaintiff] did a full range of housework, but only experience difficulty with her daily activities during flare-ups of joint pain." (Id.). The ALJ's reasons for finding Plaintiff not credible are legally insufficient.

**1. Objective Medical Evidence**

As previously discussed, the ALJ cannot reject Plaintiff's subjective pain testimony solely because the medical evidence does not fully substantiate Plaintiff's subjective pain complaints. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting

it.”). Here, the ALJ is essentially holding that the Plaintiff’s medical records do not fully substantiate her subjective pain testimony. (See AR 27). The ALJ is relying on the absence of documentation that Plaintiff’s symptoms are not controlled by medication to reject Plaintiff’s claims that her pain is debilitating. On the same documentation, the ALJ could have concluded that because the medical records do not expressly note that Plaintiff’s pain is controlled by medication, Plaintiff’s pain testimony is credible. As such, this reason for rejecting Plaintiff’s testimony is not clear and convincing.

**2. Plaintiff’s Daily Activities**

The ALJ’s observation that Plaintiff’s initial description of her daily activities indicated that she took care of a pre-school aged child and did housework is not a clear and convincing reason for rejecting her testimony. In her initial report of her daily activities, Plaintiff gave only a cursory description of her daily activities and the housework she performed. (See AR 105). The Daily Activities Questionnaire (Third Party Information) completed by Plaintiff’s daughter, Roxanne Davis, observed that Plaintiff could do “dishes, vaccuming [sic], cleaning window & mirrors” and that she “sometimes” needed help with these chores. (AR 119). She also noted that Plaintiff rested in between chores. (Id.).

In a November 2002 Daily Activities Questionnaire, Plaintiff stated, “I do dishes - I’ll do plates & then sit then do glasses & rest, all like that until finished - do mirrors - sweep floors.” (AR 124). The November 2002 Daily Activities Questionnaire (Third Party

Information) completed by Plaintiff's daughter observed that Plaintiff does "some dishes and making the bed" but that the daughter did "all the scrubbing and mopping." (AR 131). In the April 2003 Daily Activities Questionnaire, Plaintiff reports that she does dishes, makes the bed and does some vacuuming. (AR 77). She elaborated that "it takes many attempts to finish each chose sot that the day is gone & the house still needs so much done to it." (Id.). She also noted that "[s]ometimes I just don't have the energy or will to do anything but watch my grandkids because I have to for there [sic] well being - the house is getting worse all the time where I'm uncomfortable for anyone to come over." (Id.).

The subsequent reports do not contradict Plaintiff's initial report of her daily activities but rather give a fuller description of Plaintiff's activities and limitations. However, the ALJ failed to discuss any of the subsequent reports. The ALJ appears to have selectively accepted only evidence that supports her conclusion. The ALJ cannot "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." Gallant v. Heckler, 753 F.2d 1450, 1455-56 (9th Cir. 1984); see also Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) (impermissible for ALJ to develop evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports").

Moreover, Plaintiff testified that she does "some dishes." (AR 544). She stated that she cannot the dishes "all at one time." (Id.). She also reported that she will do some vacuuming, never does laundry,

and occasionally wipes-up counters. (AR 545). When her granddaughters are near her, Plaintiff stated that she must constantly remind them that they cannot touch her or lean on her because it causes her great pain. (AR 555). She also testified that her granddaughter now attends school so Plaintiff does not care for her during the day. (See AR 534).

Ultimately, Plaintiff's daily activities, fairly described, do not preclude her claim of disability. See Reddick, 157 F.3d at 722 (only if the level of activity were inconsistent with plaintiff's claimed limitations would these activities have any bearing on plaintiff's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (disability claimant need not 'vegetate in dark room' in order to be deemed eligible for benefits). The light housekeeping activities that Plaintiff performs are not inconsistent with her assertion that she could not perform in the more demanding environment of the workplace. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Accordingly, Plaintiff's ability to occasionally perform a limited daily routine does not establish the absence of disability.

**3. Treatment Records Regarding Activities Of Daily Living**

The ALJ mentions that the treating records show that Plaintiff did a full range of housework and only occasionally experienced difficulty with her daily activities. (AR 27). However, a review of the cited medical records reveal that the only notation regarding daily activities stated: "can't perform ADL's - clean/vacuuming, doing dishes, wash hair (arm extension overhead extremely difficult) can't [illegible], can't bend or kneel down." (AR 435). As such, the ALJ's assertion that the

treating records reflect that "[Plaintiff] did a full range of housework, but only experience difficulty with her daily activities during flare-ups of joint pain[,]" is not supported by substantial evidence.

In sum, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective pain testimony. Accordingly, remand is proper.

**B.  Remand Is Required to Remedy Defects in the ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). Because the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective pain testimony, the case must be remanded to remedy this defect. Upon remand, the ALJ must reconsider Plaintiff's testimony and, if necessary, give clear and convincing reasons for finding Plaintiff not credible.[4] Moreover, the parties shall not be precluded from addressing any other issues upon remand.[5]

---

[4] The ALJ may consider the following factors when weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in her testimony or between her testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

[5] Plaintiff alleges that the consultative examiners and the medical expert did not review all of Plaintiff's medical records. (Jt. Stip. at 14). Upon remand, the ALJ shall obtain a consultative examination of Plaintiff. The consultative examiner must be provided all available

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[6] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August__22, 2007.

/S/

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

medical records. If the ALJ chooses to employ a medical expert's testimony, the medical expert must be provided all of Plaintiff's medical records as well.

[6] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."